**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRIGORII DURALEV, | No. 23-4189 |
| *Plaintiff - Appellant*, | D.C. No. 2:22-cv-04927-FMO-AS Central District of California, Los Angeles |
| v. | |
| UNITED STATES OF AMERICA, | |
| *Defendant - Appellee*. | OPINION |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted March 11, 2026
Pasadena, California

Filed August 11, 2026

Before: Richard C. Tallman, Johnnie B. Rawlinson, and
David F. Hamilton, Circuit Judges.[*]

Opinion by Judge Hamilton

---

[*]The Honorable David F. Hamilton, United States Circuit Judge for the
Court of Appeals, Seventh Circuit, sitting by designation.

# SUMMARY[**]

## Federal Tort Claims Act

The panel affirmed the district court's dismissal of Grigorii Duralev's action under the Federal Tort Claims Act (FTCA) against the United States seeking damages for unlawful arrest and detention and denial of his employment authorization application.

Duralev, a noncitizen with a pending asylum application, was taken into custody by U.S. Immigration and Customs Enforcement. Following his release on bond in 2020, he applied for employment authorization and was denied. The district court found that all but one of Duralev's claims were barred under the FTCA's two-year statute of limitations. The court found that the only timely claim— negligence based on the denial of his employment application—had no private analog in tort liability, as required by the FTCA.

The panel held that the district court did not err in dismissing as time-barred Duralev's First through Fifth and Seventh through Ninth causes of action. Duralev failed to show that any of those claims accrued within the limitations period because they all stemmed from his allegedly wrongful arrest and detention or in-custody assault. Because Duralev filed his administrative complaint with the Department of Homeland Security on July 19, 2021, he could recover only on claims that arose on or after July 19, 2019. Duralev's arrest and detention occurred in September 2018, and the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

alleged assault occurred on May 5, 2019.  The panel rejected Duralev's theory for delaying accrual of his claims.

The panel held that the district court properly dismissed Duralev's timely negligence claim because it lacked a private analog in state-law liability.  The panel rejected Duralev's argument that the denial of his employment authorization application amounted to "negligence in performance of operational tasks."

---

## COUNSEL

Erik B. Kundu (argued), Ashurst Perkins Coie US LLP, Seattle, Washington, for Plaintiff-Appellant.

Christina A. Marquez (argued) and John C. Korevec, Assistant United States Attorneys; David M. Harris, Assistant United States Attorney, Chief, Civil Division; Bilal A. Essayli, Acting United States Attorney; Office of the United States Attorney, United States Department of Justice, Los Angeles, California; for Defendant-Appellee.

**OPINION**

HAMILTON, Circuit Judge:

In 2018, Plaintiff-Appellant Grigorii Duralev, a noncitizen with a pending asylum application, was taken into custody by the United States Immigration and Customs Enforcement (ICE). Following his release on bond in 2020, he applied for employment authorization and was denied. In 2021, Duralev filed an administrative claim with the Department of Homeland Security (DHS) as a prelude to filing this suit under the Federal Tort Claims Act (FTCA). His administrative claim and suit sought damages for unlawful arrest and detention, including an assault in custody, as well as for wrongful denial of his employment authorization application.

The district court dismissed Duralev's suit after finding that all but one of his claims were barred under the FTCA's two-year statute of limitations. The court found that the only timely claim had no private analog in tort liability, as required by the FTCA. Duralev has appealed. We agree with the district court and affirm the dismissal of his claims on these grounds.

I.  *Background*

A.  *Factual Background*

Grigorii Duralev is a citizen of Russia who arrived in the United States in November 2015. He was admitted under a B-2 visitor visa that allowed him to remain in the United States for six months. In January 2016, before his visa had expired, Duralev applied for asylum and withholding of removal. When the United States Citizenship and Immigration Services (USCIS) acknowledged receipt of

Duralev's application, the agency indicated that he could remain in the country pending a decision in his case. As a result, Duralev alleges, he put down significant roots in the United States, founding and investing in a cryptocurrency mining operation. Duralev also applied for and received an employment authorization card, which he later renewed.

In September 2018, Duralev arrived at a USCIS office for what he thought was an asylum-related interview. Instead, several ICE agents detained him in the interview room and served him with a Notice to Appear. The Notice to Appear charged Duralev with remaining in the country longer than permitted without authorization from the government. Duralev argued at his master hearing that the USCIS receipt of his asylum application allowed him to remain in the United States until a decision was made on his application. An immigration judge sustained the charge in the Notice to Appear and ordered that Duralev was subject to removal and continued detention. For purposes of evaluating the government's motion to dismiss this civil suit, we assume Duralev's arrest and later detention were wrongful. See *Gibson v. City of Portland*, 165 F.4th 1265, 1272 (9th Cir. 2026).

Duralev was detained for 525 days. He was held first at the Theo Lacy detention facility in Orange County, California, and then at Adelanto Detention Center in San Bernardino County, California. In January 2019, an immigration judge denied Duralev's application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture. We later denied his petition for judicial review of that decision. *Duralev v. Garland*, No. 19-71703, 2021 WL 3743899 (9th Cir. Aug. 24, 2021) (mem.).

Duralev alleges that he was physically assaulted and battered by detention center employees on May 5, 2019. Duralev alleges the attack was a "retaliatory measure for exercising his First Amendment Rights," which he invoked in requesting fair treatment under national ICE detention standards. Duralev was then transferred to a closed cell and, after submitting a complaint, faced increased restrictions at the detention center.

On February 18, 2020, an immigration judge granted Duralev release on bond with the ability for DHS to impose various alternatives to detention. The next day, Duralev posted bond and was released from ICE custody. Duralev alleges that after his release, he became aware of events that occurred during his detention that caused him significant economic losses. Most notably, he learned that his arrest and detention had caused his cryptocurrency business to breach its lease, which led to the collapse of the business.

In December 2020, Duralev applied for reissuance of his employment authorization card. Employment authorization applications require a 180-day processing period between the filing of an application for asylum or withholding of removal and the grant of an application for employment authorization. 8 C.F.R. § 208.7(a)(1). Duralev's application was later denied because USCIS claimed 180 active processing days had not passed since Duralev had filed his asylum application. The denial letter cited an incorrect asylum application filing date, October 3, 2018, and said that the 180-day clock had stopped when Duralev was ordered removed by an immigration judge on January 10, 2019.

B.  *Statutory Background*

The FTCA, 28 U.S.C. §§ 1346 & 2671 et seq., waives the sovereign immunity of the United States, allowing the

federal government to be sued, subject to numerous limitations, for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

This case turns on two key limitations of the FTCA. First, an FTCA claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Relevant to Duralev's assertion that he discovered additional economic harm after his release from custody, the FTCA allows a plaintiff to amend his administrative claim later to request additional damages only "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency." 28 U.S.C. § 2675(b). Second, under the FTCA, the United States may be held civilly liable for the torts of its employees only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

C. *Procedural Background*

On July 19, 2021, as required before filing an FTCA suit in federal court, Duralev filed an administrative claim with DHS. 28 U.S.C. § 2675(a). On January 12, 2022, Duralev received DHS's formal denial of his administrative claim.

On July 12, 2022, Duralev filed this FTCA suit pro se, seeking damages for the allegedly unlawful arrest and detention, in-custody assault, and erroneous denial of his employment authorization application. The operative Second Amended Complaint asserts nine causes of action: (1) negligent hiring, training, and supervision; (2) intentional infliction of emotional distress; (3) violations

of the Fourth Amendment, excessive force, false arrest, and false imprisonment; (4) violations of the Fifth Amendment and Article I, section 7 of the California Constitution in the form of a deprivation of liberty without due process of law; (5) violations of the California Bane Act (Cal. Civ. Code § 52.1); (6) negligence, including for "[f]ailure to abide by the statutory eligibility for reissuance of the Plaintiff's employment authorization"; (7) battery; (8) assault; and (9) abuse of process. The government moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim.

The district court, in the order now on appeal, granted the government's motion to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6). *Duralev v. United States*, No. CV 22-4927, 2023 WL 12166424 (C.D. Cal. Nov. 15, 2023). The district court concluded that any claims that had accrued before July 19, 2019—two years before Duralev's administrative claim filing date—were barred by the FTCA's two-year statute of limitations. The district court found in the alternative that the FTCA does not waive the government's sovereign immunity as to Duralev's constitutional claims. The court therefore concluded that only Duralev's negligence claim based on the denial of his employment authorization application survived the time bar. The district court then found, however, that the negligence claim involved "the sort of quasi-adjudicative action that has no analogous liability in tort law," failing to satisfy the FTCA's private analog requirement. The district court found in the alternative that Duralev's negligence claim was also barred by the FTCA's discretionary function exception.

The court entered final judgment dismissing Duralev's case with prejudice.  This appeal followed.[1]

## II.  *Jurisdiction and the Standard of Review*

We have appellate jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Thomas v. County of Humboldt*, 124 F.4th 1179, 1186 (9th Cir. 2024).  In doing so, we must accept as true the factual allegations in the complaint.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  We also review de novo a district court's interpretation of the statute of limitations under the FTCA and its decision as to whether the time limit bars a claim.  *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008).  And we review de novo a district court's dismissal of an FTCA claim under the statute's private analog requirement.  *Dugard v. United States*, 835 F.3d 915, 918 (9th Cir. 2016).

## III.  *Analysis*

On appeal, Duralev challenges the district court's dismissal of all nine of his claims, arguing that it erred in dismissing most claims as time-barred and in concluding that his timely negligence claim had no private tort analog.

### A.  *Time-Barred Claims*

The district court did not err in dismissing as time-barred Duralev's First through Fifth and Seventh through Ninth Causes of Action.  A claim has accrued when the plaintiff is "in possession of the critical facts that he has been hurt and

---

[1] This court recruited pro bono counsel to represent Duralev in this appeal.  We are grateful to attorney Erik B. Kundu and the law firm of Perkins Coie LLP for their able assistance to their client and the court.

who has inflicted the injury." *See United States v. Kubrick*, 444 U.S. 111, 122 (1979). In addition, the plaintiff must be "diligent in discovering the critical facts," which are those that he "should have known in the exercise of due diligence." *Bibeau v. Pacific Northwest Research Foundation Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999), as amended, 208 F.3d 831 (9th Cir. 2000). Duralev has failed to show that any of those claims accrued within the limitations period because they all stem from his allegedly wrongful arrest and detention or in-custody assault.

Because Duralev filed his administrative complaint with DHS on July 19, 2021, he could recover only on claims that arose on or after July 19, 2019. Therefore, Duralev's negligence claim was timely because it was premised on the denial of his employment reauthorization application on December 21, 2020. But his remaining claims all stem from his allegedly wrongful arrest and detention, and the alleged assault that occurred while he was in detention. Duralev's arrest and detention occurred in September 2018, and the alleged assault occurred on May 5, 2019. At the time of both events, Duralev does not contest, he knew the "critical facts" that he was injured and who had injured him. *See Wong v. Beebe*, 732 F.3d 1030, 1048 (9th Cir. 2013) (en banc), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015) (explaining "'discovery' rule applicable to § 2401(b)" as when the plaintiff knows of his injury and its cause).

Duralev argues, however, that he was not aware of the extent of his injuries until after he was released from detention, well after July 19, 2019. As a result, he contends, his claims for damage to his business and other property accrued on a separate timeline, with the statute of limitations

beginning to run only after he discovered the damage to his crypto-mining business.

We reject this theory for delaying accrual of his claims. Duralev concedes that he did not assert a specific tort claim for harm to property, like trespass to chattels or conversion, stemming from his business losses. He also recognizes that it was his wrongful arrest and detention that allegedly "led to [the business's] collapse and his claimed property damages."

Duralev's concessions show that his claims are time-barred, as the district court found. The FTCA permits recovery "for injury or loss of property," as well as personal injury or death. 28 U.S.C. § 1346(b)(1). There is no separate accrual clock under 28 U.S.C. § 2401(b) based on the type of injuries alleged or the damages sought. Under the governing discovery rule, a claim accrues when the essential facts are known even if the full extent of the injury is not yet known. *Montana Pole & Treating Plant v. I.F. Laucks and Co.*, 993 F.2d 676, 678–79 (9th Cir. 1993).

Duralev offers no sound reason to depart from that rule. He cites several cases where FTCA claims began to accrue when the plaintiff discovered the "nature of the injury" to his property, but he does not engage with the critical difference that those cases centered on tort claims for direct harm to property. *See Bartleson v. United States*, 96 F.3d 1270 (9th Cir. 1996) (nuisance); *McLellan Highway Corp. v. United States*, 95 F. Supp. 2d 1 (D. Mass. 2000) (negligence and other state law claims arising from oil contamination of plaintiff's property); *Warminster Township Municipal Auth. v. United States*, 903 F. Supp. 847 (E.D. Pa. 1995) (negligence, nuisance, strict liability).

Nor does Duralev address the point that the FTCA would have allowed him to amend a timely administrative claim to request additional damages "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency."  28 U.S.C. § 2675(b).  The district court correctly held that Duralev's non-negligence claims accrued at the times of his allegedly unlawful arrest, detention, and assault and are therefore time-barred.[2]

## B.  *Private Analog*

We proceed to Duralev's negligence claim, which was timely.  The district court properly dismissed that claim because it lacked a private analog in state-law tort liability.  The FTCA authorizes suit against the United States only to the extent a private person would be liable under "like circumstances" in state tort law.  28 U.S.C. § 2674.  Duralev argues that the denial of his employment authorization application amounts to "negligence in performance of operational tasks."  We are not persuaded.

To be sure, the FTCA's private analog requirement can be satisfied by similar analogs to duties borne by private individuals, even when the alleged tort pertains to a "uniquely governmental function[]."  *United States v. Olson*, 546 U.S. 43, 45–47 (2005) (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)).   But in those

---

[2] Another independent problem bars Duralev from recovering for his constitutional claims.  The FTCA does not waive the federal government's sovereign immunity for constitutional tort claims.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994) (constitutional tort claims are not "cognizable" under FTCA because statute does not include federal constitutional violations in "the source of substantive liability under the FTCA").

circumstances, liability must still exist under a specific, analogous state law, which can include common-law doctrines. *Tekle v. United States*, 511 F.3d 839, 853 (9th Cir. 2007), as amended (collecting FTCA cases that apply specific state tort laws in the private analog analysis); *Jeffries v. United States*, 477 F.2d 52, 55–57 (9th Cir. 1973) (recognizing that common-law doctrines, such as the "Good Samaritan Doctrine," may serve as FTCA analogs where the state recognizes such doctrines); *see also Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) ("Merely alleging negligence is insufficient to state a [FTCA] claim."). Thus, "a court's job in applying the standard is to find the most reasonable analogy." *LaBarge v. Mariposa County*, 798 F.2d 364, 367 (9th Cir. 1986).

The plaintiffs in *Indian Towing*, for example, alleged negligence by the Coast Guard in operating a lighthouse, the malfunction of which caused a tugboat to run aground. 350 U.S. at 62. The Supreme Court reasoned that, by undertaking to operate the lighthouse, the Coast Guard had "engendered reliance on the guidance afforded by the light" and was thereby "obligated to use due care to make certain that the light was kept in good working order." *Id.* at 69.

Likewise, *Olson* involved a mining accident, after which plaintiffs sued under the FTCA based on federal mine inspectors' alleged negligence in failing to identify safety violations during an inspection. 546 U.S. at 45. The Supreme Court concluded in *Olson* that a similar "good Samaritan" duty to third parties in the safety inspection context satisfied the FTCA's "like circumstances" language, but the Court remanded for a more detailed consideration of state law that might apply to the case. *Id.* at 46–48.

In contrast, Duralev's negligence claim for the denial of employment authorization alleges that the government was "required to use reasonable diligence to ensure its employee's abidance by federal statutes and regulations," and that federal employees failed "to abide by the statutory eligibility for reissuance of the Plaintiff's employment authorization."    Specifically, Duralev alleges that the government acted negligently by miscalculating the 180-day eligibility clock, which was the basis for denying his application.

Unlike the plaintiffs in *Indian Towing* and *Olson*, Duralev does not cite any specific state tort laws or recognized duties in similar factual contexts in state case law that would give rise to liability here.[3]   Instead, Duralev relies on three Ninth Circuit cases to argue that this circuit has recognized negligence in the performance of operational tasks as a private analog under the FTCA in "logically comparable circumstances."   Those cases do not persuade us that the district court erred here.

In *Guild v. United States*, we allowed an FTCA claim to proceed that arose from the government's negligent design of a faulty dam, briefly likening the government conduct in the case to professional malpractice and "failure to take due care in the performance of a voluntary task."  685 F.2d 324, 325–26 (9th Cir. 1982).  The government conduct at issue in *Guild*, however, is much closer to the affirmative voluntary duties assumed in *Olson* and *Indian Towing*, and further

---

[3] Duralev's reliance on *Jopson v. Feather River Air Quality Mgmt. District*, 108 Cal. App. 4th 492 (2003) is misplaced.  In *Jopson*, the court addressed California's statutory immunity for negligent misrepresentation, not the FTCA's private analog requirement.

afield from the routine agency permitting decisions at issue here.

In *Abbey v. United States*, we affirmed dismissal of an FTCA claim on the basis of the statute's misrepresentation exception. 112 F.4th 1141, 1145–47 (9th Cir. 2024). We did not address the private analog requirement.

In *Mundy v. United States*, we implicitly acknowledged that an FTCA claim arising from the government's negligence in processing a requested security clearance could proceed, but we did not assess the case under the private analog test. (983 F.2d 950, 952–53 (9th Cir. 1993). Given the FTCA's fact-specific requirement that the federal government's immunity is waived only insofar as a private individual is liable in "like circumstances," the implied assumption in *Mundy* is not enough to establish a private analog in state law for Duralev's negligence claim. *See, e.g., Olson*, 546 U.S. at 47 (referencing claims that "were analogous to allegations of negligence by a private person 'who undertakes to warn the public of danger and thereby induces reliance'") (quoting *Indian Towing*, 350 U.S. at 64–65).

Furthermore, allowing Duralev's negligence claim to proceed would invite a wide, new range of FTCA cases based on the federal government's routine licensing and permitting decisions. Such lawsuits would allow applicants to bypass established administrative procedures for review and appeal and to seek damage awards under the FTCA. For example, USCIS notified Duralev that if he disagreed with the employment authorization denial, he could submit a motion to reopen or a motion to reconsider. Instead, he filed this suit.

Bureaucrats sometimes make mistakes, and we recognize that those mistakes can harm people who want and expect them to do their jobs correctly.  But the FTCA's waiver of sovereign immunity does not reach as broadly as Duralev contends.  The absence of FTCA precedent affirmatively supporting his sweeping theory offers a good indication that his claim for bureaucratic negligence does not satisfy the FTCA's private analog requirement.  The district court did not err in so holding.[4]

The judgment of the district court is **AFFIRMED**.

---

[4] Because Duralev's negligence claim fails for want of a private analog, we do not reach the district court's alternative holding that his negligence claim would also be barred by the FTCA's discretionary function exception.